[No. 5810. Decided November 7, 1905.]

DENNIS DWYER *et al., as Executors of the Will of John M. Nolan, Deceased, Respondents,* v. ELIZABETH NOLAN, *Appellant.*[1]

DIVORCE—DECREE—PROCEEDING TO VACATE AFTER DEATH OF PARTY—SUBSTITUTION OF EXECUTORS—NO SUBJECT OF LITIGATION. An action for a divorce is purely personal, and upon the death of either party, the subject-matter of the action is eliminated and a judgment for divorce cannot be thereafter vacated for want of jurisdiction to render it.

SAME—CONSENT OF EXECUTORS. After the death of a party to a decree of divorce, his executors cannot consent to the vacation of the decree or be substituted as parties for the purpose of service of notice.

1 Reported in 82 Pac. 746.

JUDGMENT—JURISDICTION TO VACATE—NOTICE. The inherent juris-
diction of a court to set aside a decree void for want of jurisdiction,
is no more potent than jurisdiction conferred by statute, and such a
judgment cannot be vacated without notice, even for the purpose of
clearing the record.

Appeal from an order of the superior court for King
county, Frater J., entered May 23, 1905, after a hearing
upon affidavits before the court without a jury, denying de-
fendant's motion to vacate a decree of divorce. Affirmed.

J. W. Langley and robert D. Hamlin, for appellant.

Boyle & Warburton, for respondents.

DUNBAR, J.—This case is appealed from the order of the
superior court of King county, refusing to vacate a judg-
ment in a divorce case. The divorce action was brought by
John L. Nolan, and the decree was granted on November 20,
1899. On April 6, 1905, the appellant appeared in this ac-
tion by motion, and affidavits in support of the same, and
sought to have the decree of November 20, 1899, set aside and
vacated. The plaintiff, John M. Nolan, having died in Jan-
uary, 1905, his executors were substituted as parties plaintiff.
The contention of the appellant is that the court acted with-
out competent jurisdiction of the party defendant in the di-
vorce proceeding, and that the judgment was therefore void.

We will not enter into an investigation of the question pre-
sented as to whether or not the service in the divorce proceed-
ing was sufficient to give the court jurisdiction of the person
of the defendant, for the reason that there are no proper
parties to this proceeding, and that, in the nature of things,
the plaintiff having died, the question of divorce cannot be
relitigated. It will not be gainsaid that an action for divorce
is a purely personal action. Nothing is sought to be af-
fected but the marital status of the husband and wife. The
distribution of property in such an action is incidental, and it
is clearly incontestable that, upon the death of either party,
whether before or after the decree, the subject of the contro-

versy is eliminated. If the death of the plaintiff in this case had occurred before judgment, it will not be urged that there could have been a substitution of his executors to represent him in the prosecution of the case. Such a proposition, for manifest reasons, would not be entertained by a court for a moment. What additional authority or power did they have to represent him in the same case when he died after judgment? Manifestly none. They cannot stipulate with reference to the decree. They cannot consent to setting aside the judgment. There is no conceivable particular in which they represent the deceased or the heirs with reference to the subject-matter of the acton, in the slightest degree. The very nature of the action renders this impossible. In the light of this fact, a service upon them of a motion to vacate the judgment is farcical, and the case proceeded, if it proceeded at all, without notice and on a purely *ex parte* basis.

An argument of necessity is presented by the appellant to the effect that it is impossible, in view of the death of the plaintiff, to get service on any one else. But this argument defeats itself, for if there is anything which is the subject of litigation, there must of necessity be some one who is interested in that thing, and represents it, and upon whom service can be made. If there is no such thing, it is equally plain that there is no subject of legal controversy.

Something has been said of the inherent jurisdiction of the court to set aside void decrees. Inherent jurisdiction is no more potent than jurisdiction that is conferred by statute, and it is as much prescribed by orderly methods. It is not a loose, arbitrary, and unlicensed jurisdiction, which the court can exercise without restraint, untrammeled by the observance of the methods prescribed by law, but it is simply jurisdiction, and no more. In fact, the court should be more careful, if any distinction is to be made, in the exercise of jurisdiction which is evolved from the decisions of courts, and therefore in a measure self-assumed, than in the exercise

of jurisdiction that is conferred by the law-making power. But there is no jurisdiction in courts, inherent or otherwise, to adjudicate the rights of litigants without notice, actual or constructive.

It is suggested that, if the court, upon an examination, finds that the judgment was void for want of service, it will vacate the judgment for the purpose of clearing its records of void judgments. But the parties to an action have as much right to be heard upon that question as on any other. Our statute provides (Pierce's Code, § 362) that, when a party to an action has appeared in the same, he shall be entitled to at least three days' notice of any trial, hearing, motion, application, sale, or proceeding therein, etc. If this court should enter a judgment of vacation without having jurisdiction of the parties to the judgment, it would be guilty of the same illegal action with which the lower court is charged. So far as the property rights are concerned (if there are any), if the judgment is void, such rights are in no way affected by it, and all the avenues are open for the determination of such rights where the parties affected can all be heard.

The judgment is affirmed.

MOUNT, C. J., ROOT, RUDKIN, HADLEY, and CROW, JJ., concur.

FULLERTON, J., concurs in the result.