[No. 26144. Department One. September 14, 1936.]

ADDIE J. GILES, *Appellant,* v. ROBERT J. GILES, *Respondent.*[1]

*M. E. Mack* and *Libby & Sherwin,* for appellant.

*H. E. T. Herman* and *Peyton H. Moore* (*Paul F. Schiffner,* of counsel), for respondent.

MITCHELL, J.—Addie J. Giles sued Robert J. Giles for a divorce on the grounds of desertion and non-support. She alleged that they had no community property, and that they had only one child, six years

[1]Reported in 60 P. (2d) 707.

of age, living with the plaintiff at that time. The relief sought was divorce, support money during the pendency of the action, and reasonable attorney's fee.

Summons and complaint were served on him personally. He did not appear in the action. The prosecuting attorney's office appeared at the trial, representing the state, contesting the granting of a divorce, as required by the Code of 1881, § 2010, Laws 1891, chapter 26, p. 43, § 8; Rem. Rev. Stat., § 995 [P. C. § 7511], in all divorce cases not contested by the defendant. Judgment was signed and entered November 30, 1906, granting the divorce.

Thereafter, on September 20, 1935—more than twenty-eight years after the divorce had been granted —the defendant, alleging that, from time to time, some question had been raised as to the sufficiency and validity of the form of the records in the case, made application, supported by affidavit, for a judgment *nunc pro tunc,* as of the date of November 30, 1906, more definite and full in form, dissolving the bonds of matrimony and granting to the plaintiff a full and complete divorce from him. He further alleged that, in good faith, he had at all times since November 30, 1906, believed that the parties were divorced, and further alleged that, since the date of commencing the original action, they had not cohabited.

On December 6, 1935, plaintiff appeared by a written answer, supported by affidavit, resisting the application of the defendant, on the ground, among others, that no findings of fact or conclusions of law were ever made or filed in the case, and that, until the same shall have been made and filed, no judgment of divorce can be entered; that nearly thirty years have elapsed since the service of the summons and complaint, and that the defendant has been guilty of such laches that he is precluded from having any relief at this time; and

that the court has lost jurisdiction by reason of the lapse of time. There were other grounds mentioned in the answer, which, as we view the case, are immaterial. At the same time and as a part of her appearance on December 6, 1935, the plaintiff filed a motion to dismiss the main action commenced by her and heard in 1906.

The application of the defendant for a judgment *nunc pro tunc* came on for hearing and resulted in a judgment as prayed for by the defendant. The plaintiff has appealed.

At the trial of the present proceeding, the clerk of the court, having the superior court journal before him, testified therefrom to the making and the entry of a judgment in the case, as shown by a certified copy of the judgment which was then introduced in evidence, as follows:

"IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON,
"IN AND FOR THE COUNTY OF SPOKANE.
"Department No. 1.
"SUPERIOR COURT JOURNAL
"Friday the 30th day of November, 1906.
"Court convened at 9:30 A. M.    Present

| | |
|---|---|
| "ADDIE J. GILES, Plaintiff, | The Hon. Miles Poindexter, Judge Presiding. |
| | No. 22907 |
| vs. | Action for a Divorce on the Grounds of Desertion & |
| "ROBERT J. GILES, Defendant. | Non-Support. Application Granted. |

"This case called for trial. The plaintiff appeared in person and by E. G. Riste, her attorney. The State of Washington appeared by Carroll Gordon, Deputy Pros. Atty. who contested the case. Plaintiff and two witnesses were sworn and examined. The Court granted the application for Divorce.

"MILES POINDEXTER,
"Judge."

"In the Superior Court of the State of Washington
  "County of Spokane
                                "No. 22907
"Addie J. Giles,          vs.        Robert J. Giles,
          Plaintiff                           Defendant
"State of Washington ⎱
"County of Spokane,  ⎰ ss.    Certificate

"I, Frank C. Nash, Clerk of the Superior Court of the State of Washington, for the County of Spokane, do hereby certify that the above and foregoing is a true and correct copy of the Entry in Court Journal No. 102, Pages 545 & 546, in the above entitled cause, as the same now appears on file and of record in my office.

"In Witness Whereof, I have hereunto set my hand and affixed the seal of said Court this 6th day of December, 1935.

                          "Frank C. Nash, Clerk
" (Superior Court Seal)    By Nels Paulsen, Deputy.''

This record, it is argued on behalf of Mrs. Giles, amounts only to an oral statement by the court to the effect that "Application for divorce granted," that the record was never completed nor judgment entered, and that, for a number of reasons which, we think, need not be set out, no judgment can now be entered. In argument, authorities are cited that discuss the effect of oral pronouncements or memorandum opinions given by the court upon the trial of cases as if the record above set out was one or the other of these. But the decision of November 30, 1906, cannot be said to be oral. It is in writing, as a matter of fact. Nor can it be said to be a memorandum opinion, because it is not so entitled, written or treated in the records of the superior court.

It is further contended on behalf of appellant that the journal entry is not, and cannot be considered as, a judgment, because written findings were not made and entered as required by law.

■ There is no proof that findings were not made. While respondent relied on the journal entry in the introduction of the records pertaining to the divorce suit, nevertheless Mr. Nash, the county clerk, testified:

"Q. Mr. Nash, there is no other record in the clerk's office that you have been able to find other than what you have just read to this court? A. Well, personally, I haven't searched the records. I really don't know."

This was the only testimony on the subject of additional records, so that, if findings are indispensable to the validity of the judgment, the presumption must be indulged in that findings were made in the case.

■ But, as a practical thing, what need was there for findings? Other than the formal, oral appearance by the state, Mrs. Giles was the only party to the trial. There was no issue of fact to be settled by findings, nor is there any claim or suggestion that she requested findings to be made. Any need or purpose for findings, without the expense of a statement of facts for an appeal, was not applicable. She had no right of appeal; the judgment was in her favor. Still further, we have held contrary to this contention on behalf of appellant. In *State v. Knudsen,* 154 Wash. 87, 280 Pac. 922, where error was assigned for the failure of the trial court to make findings of fact when no disputed question of fact was involved, after referring to our decisions and discussing the matter, it was said:

"This court has held that Rem. Comp. Stat., § 367, is mandatory, but it is only reasonable to hold that such is the case only in instances where some disputed question of fact is presented by the evidence."

The lack of findings, if any, in such cases amounts to nothing more than an irregularity, if anything, and should not be allowed to affect the validity of a judgment at the instance of anyone more than twenty-eight years thereafter.

The instrument in question, although clumsy in some of its language, doubtless gave her all she cared for at the trial. It was manifestly intended to be, and must be held to be, a judgment. It was recorded by the clerk pursuant to the Code of 1881, § 2179; Rem. Rev. Stat., § 75 [P. C. § 8580], sub. 4, which requires that the clerk shall provide and keep a well-bound book to be called the "order book or journal," in which he shall enter all verdicts, orders, judgments, and decisions. The instrument here appears regular on its face. It purports to be signed by Miles Poindexter, who at that time was a judge of the superior court. No question is raised as to the genuineness of the signature of the judge to the instrument.

When these record facts appeared at the trial of this proceeding, as they did without any contradiction, the proceeding should have been dismissed by order or judgment declaring the judgment of November 30, 1906, to be a valid judgment or decree of divorce between the parties.

The cause will be remanded to the trial court, with directions to enter such a judgment. Neither party will recover costs in this court.

MILLARD, C. J., STEINERT, and GERAGHTY, JJ., concur.

TOLMAN, J. (dissenting)—The defendant was in default when the case was tried in 1906, otherwise the prosecuting attorney would not have defended. Being then and ever since in default, he had and has no standing before the court. No showing was made which would justify the setting aside of the default or which entitles the defaulted defendant to any relief whatever. The application should be dismissed.