In re WATERS' ESTATE. WATERS v. WATERS.

No. 6318. Decided June 5, 1941. (113 P. 2d 1038.)

*J. Patton Neeley* and *P. G. Ellis,* both of Salt Lake City, for appellant.

*Joseph C. Fratto,* of Salt Lake City, for respondent.

McDONOUGH, Justice.

Charles Wesley Waters, a resident of Salt Lake County, Utah, died intestate August 18, 1939. Shortly thereafter, respondent, Silvia Waters, filed a petition for letters of administration alleging that she was the widow of said Charles Wesley Waters, naming herself and two children of deceased as his heirs. Lena Shanko Waters, appellant, was not listed as an heir or otherwise named in the petition. Pursuant to such petition and hearing had thereon, letters were issued to respondent. During the administration of the estate, appellant, having learned of the proceeding, filed a petition in the district court, pursuant to Section 102-6-1, R. S. U. 1933, asking for the removal of respondent as administratrix and the appointment of appellant's appointee in her stead. Section 102-6-1 provides, so far as material:

"The court may at any time suspend any administrator, executor or guardian; and may, upon citation, revoke the letters of any administrator upon petition of a competent person having a prior right thereto who had no opportunity to apply  *  *  *."

Respondent demurred to the petition both generally and specially, but before the demurrer was determined appellant amended her petition. The demurrer to the petition as amended was sustained, and upon appellant's electing to stand on her petition judgment was entered dismissing the same. She appeals.

Neither the order of the court sustaining the demurrer nor that of dismissal indicates upon which of the several grounds thereof the demurrer was sustained. It, therefore becomes necessary to examine the petition in the light of both the general and special objections to its sufficiency, since the ruling of the lower court will be upheld if it properly sustained the demurrer on any of

such grounds, the presumption being that it ruled upon that ground.

We proceed to its examination:

Appellant in her amended petion alleged in substance that she and the decedent intermarried in the state of Indiana in the year 1935 and that since said time they were, until his death, husband and wife. She further alleged that a purported decree of divorce was entered in the district court of Salt Lake County, Utah, on the 18th day of February, 1938, dissolving the marriage contract between decedent and herself, but that said decree and all proceedings in the cause were wholly void, the court which entered it not having acquired jurisdiction of the marriage res.

The reasons assigned, in her petition for the invalidity of the decree are: (1) That decedent at the commencement of said action had not been a resident of the State of Utah for one year; (2) that no summons was ever issued in said action; (3) that the affidavit filed therein for the purpose of procuring an order for the publication of summons was insufficient to warrant such order in that although the residence and business address of petitioner in the city of Chicago were well known to deceased, plaintiff in said action, such address was not by said affidavit revealed to the court, nor did it state that affiant did not know same, or set forth facts showing diligence on the part of affiant or plaintiff in the action to ascertain such address; (4) that such omissions were intentionaly made in order to deceive the court; (5) that appellant had no knowledge of the pendency of the divorce proceedings; (6) that respondent had full knowlege of all of the foregoing and connived with decedent in defrauding the court and in misleading it into assuming jurisdiction, but that notwithstanding, respondent subsequently entered into a purported marriage with decedent and upon his death filed a petition for letters of administration as his widow, purposely omitting from said petition the name and address of appellant as one of the heirs.

That the petition is good as against a general demurrer is obvious (unless the proceeding be held to be a collateral attack on the divorce decree, and the recited allegations of the petition do not show that the *record* reveals absence of jurisdiction in the court rendering it).

The facts set forth therein are sufficient to show that the court acquired no jurisdiction to grant the divorce. If it lacked jurisdiction, the decree was a nullity, the subsequent marriage void, and appellant is the widow of deceased. As such, Section 102-4-1, R. S. U. 1933, specifically confers on her the primary right to the administration of decedent's estate.

Of the other grounds of demurrer but one merits discussion, the amended petition being clearly good as to the rest. By her second ground of demurrer, respondent urged that the petition constituted a collateral attack upon the divorce judgment, and therefore the probate court was without jurisdiction to consider it. Whether this ground of demurrer questions the jurisdiction of the court we will not consider, since the parties evidently concede that the question of whether this proceeding is maintainable is properly before us by virtue presumably of the general demurrer or the demurrer to the jurisdiction, and a ruling is requested thereon.

Respondent's counsel did not file a brief herein, but being granted leave to orally argue, contended (1) that appellant's remedy was by a suit in equity to set aside the divorce decree, and (2) that this proceeding, being a collateral attack on the divorce decree, will not be entertained. It is patent that the remedy by the suggested suit in equity is not available: First, because the decedent's death destroyed the marriage res; and second, because after his death there was no one upon whom service could be had. Decedent, obviously, could not be made a party, nor could his administratrix represent him as the

res was gone. *Dwyer* v. *Nolan,* 40 Wash. 459, 82 P. 746, 1 L. R. A., N. S., 551, 111 Am. St. Rep. 919, 5 Ann. Cas. 890.

That a collateral attack upon the divorce decree is attempted is not, in view of the allegations of the petition, grounds for sustaining the demurrer and dismissing the cause. The petition sets out the insufficiency of the affidavit for publication of summons. Such affidavit ∎ and the order made pursuant thereto are part of the judgment roll. Sec. 104-30-14, R. S. U. 1933. Such was not the case when the decision of this court in *Liebhart* v. *Lawrence,* 40 Utah 243, 120 P. 215, was rendered. Therein the court, at page 256 of 40 Utah, at page 220 of 120 P., said:

"This court has already held that an affidavit and an order for publication of a summons, not being a part of the judgment roll and of the record, will, not on a collateral attack, be inquired into, and that a court, on such an attack, will not look outside the record itself to ascertain whether they were properly made or filed, but will indulge the presumption that they were all that the law required." Citing *Amy* v. *Amy,* 12 Utah 278, 42 P. 1121; *Hoagland* v. *Hoagland,* 19 Utah 103, 57 P. 20.

Under the implications of the Liebhart case, the allegations of the petition before the lower court were perhaps sufficient to sustain a collateral attack on the divorce decree.

We are not, however, disposed to hold that in such a proceeding as this petitioner should be trammelled by the rules relative to collateral attacks on a judgment. That a suit in equity to set aside a decree on the ground of want of jurisdiction in the court rendering it or on ∎ the ground of fraud is a direct attack thereon is settled doctrine in this state. *Liebhart* v. *Lawrence,* supra. Where the death of a party, whose alleged fraud upon the court cheated his adversary of his day in court, precludes the latter from maintaining a suit to set aside the decree, the same latitude should be allowed as in such suit, to establish, in a proceeding in his estate, a right purportedly cut off by the allegedly void decree. The aggrieved party

should be permitted to show to the court the facts relative to such lack of jurisdiction or of fraud as would be permitted in any direct attack on the judgment. The death of the other party should not, because it precludes an attack on the total judgment, likewise hamper the wronged party in the introduction of evidence relative to his status and the rights flowing therefrom, in cases where had such death not intervened such evidence could be availed of to secure such rights.

The judgment of the lower court is reversed with instructions to overrule the demurrer and reinstate the cause. Costs to appellant.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.