[No. 36341.    Department One.    June 21, 1962.]

GEORGE W. OSBORNE, *Respondent*, v. HELEN I. OSBORNE, *Appellant*, FERN ELIZABETH HOWLETT, *Respondent*.*

*Reported in 372 P. (2d) 538.

*Mary E. Burrus*, for appellant.

*Ned E. Hett*, for respondent.

ROSELLINI, J.—George W. Osborne and Helen I. Osborne were married in 1927. They had children and acquired property. On June 25, 1959, the record shows that George W. Osborne caused to be served upon Helen I. Osborne a summons and complaint for divorce. She did not answer the summons, and an order of default was entered on July 27, 1959, at which time the summons and complaint were filed. On October 19, 1959, a decree of divorce was granted.

On June 7, 1960, Helen I. Osborne, the appellant herein, moved the court to vacate the decree, alleging that it had been fraudulently obtained, that the venue was improper and that the court did not have jurisdiction to enter it. In her affidavit in support of this motion she said that in June 1959, a man came to her door, asked her her name, and when she gave it as Helen Osborne, thrust papers at her which she did not take, and that they fell to the porch on the outside of her door. The next morning, she said, the papers were gone. She telephoned her husband. He suggested that perhaps they were being sued over a property line and did not mention that he was bringing a divorce action against her.

She further stated that her husband told her in February 1960, that he had obtained a divorce and had remarried, and advised her to check the records in Everett if she did not believe him. A check of the records confirmed these facts. Her attorney, she said, who examined the record of the decree, discovered also that it did not follow the prayer of the complaint, and that the complaint had not been on file for ninety days, as required by law, when the decree was entered. She alleged no facts which would constitute a defense to the action or a ground for cross-complaint.

A hearing was held on July 29, 1960, and the court orally granted the motion to vacate the decree. A minute entry of the clerk indicated this decision, but it was not signed by the judge who heard the motion.

Thereafter, the appellant's attorney prepared and served by mail on the defendant's attorney a proposed form of order vacating the decree and an answer and cross-complaint. These were not returned to the appellant's counsel. Later, when she inquired at the office of George Osborne's attorney, she was told that he was having the order signed and was filing the answer and cross-complaint, and would note the case for trial. This was never done, however.

On July 5, 1961, George Osborne died. After his death, the appellant's counsel gave notice of presentation of an order vacating the decree, effective "as of July 29, 1960." This order which was approved by the attorney who had been counsel for George Osborne, was signed by the judge on July 28, 1961.

On September 8, 1961, the respondent Fern Elizabeth Howlett (Osborne) petitioned for an order directed to the appellant to show cause why the order vacating the decree should not be set aside. The motion was heard on affidavit on September 15, 1961. The court concluded that it lost jurisdiction of the cause on the death of George Osborne and had erroneously entered the order vacating the decree *nunc pro tunc*, which it thereupon set aside. This appeal followed.

■ The appellant concedes that it is the well-settled law in this state that a divorce action abates on the death

of either party, and, except where the rights of third parties are involved in the decree itself, the court is without authority to vacate a decree of divorce after the death of one of the parties. In *Crockett v. Crockett,* 27 Wn. (2d) 877, 181 P. (2d) 180, the cases (including the leading case of *Dwyer v. Nolan,* 40 Wash. 459, 82 Pac. 746) are reviewed and the rule reaffirmed.[1] It may be that this rule is harsh and is more restrictive than the rule in other jurisdictions.[2] There may be good reasons why this court should reconsider the rule and perhaps modify it. But if such reasons exist, they have not been presented in the appellant's brief, and we therefore do not feel called upon to go in search of them at this time.

Another reason why this court is reluctant to view the present case as a proper one in which to re-examine the rule that has been laid down regarding the vacation of a divorce decree after the death of a party, is that the appellant's affidavit does not allege facts which clearly show that the decree was fraudulently obtained. She admits that the summons and complaint were served upon her, and thus admits that the court has jurisdiction over her. She cites no authority holding that the ninety-day waiting period is jurisdictional or that a judgment is rendered invalid because the venue was improper. She does not point out wherein the decree differed materially from the prayer of the complaint. She has not shown that she had a valid defense. As we said in *Lasell v. Beck,* 34 Wn. (2d) 211, 208 P. (2d) 139, one seeking the vacation of a default judgment must allege and prove facts that constitute a prima facie defense to the action. Not only does the case before us not present an instance of obvious injustice requiring that we re-examine a well-established rule, but the appellant has not made a clear showing that the vacation of the divorce decree in the first instance was justified.

---

[1] *Cf. Anderson v. Anderson,* 52 Wn. (2d) 757, 328 P. (2d) 888.

[2] See Keezer, Marriage & Divorce (3d ed.) 864, § 859, stating the rule to be that, where property rights are involved in a divorce proceeding, and the decree was obtained through fraud, it may be vacated at the instance of the defrauded party or his personal representative.

■ It is true that, as the appellant points out, the cases do not go so far as to say that the court lacks jurisdiction to vacate a divorce decree *nunc pro tunc* after the death of one of the parties. The office of an order or decree *nunc pro tunc* is to record judicial action taken and not to remedy inaction. *Bruce v. Bruce*, 48 Wn. (2d) 635, 296 P. (2d) 310. As we said in *State v. Ryan*, 146 Wash. 114, 261 Pac. 775 (quoting from 15 R. C. L. 622):

" ' . . . It may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken. . . .' "

■ Before the death of George Osborne, no judgment setting aside the decree of divorce had been rendered. It is true that a minute entry on July 29, 1960, showed that the court had decided to grant the appellant's motion. If it had been signed by the judge, it would be considered a judgment. *Giles v. Giles*, 187 Wash. 599, 60 P. (2d) 707. But an unsigned minute entry is not a judgment. As we said in *State ex rel. Thomas v. Lawler*, 23 Wn. (2d) 87, 159 P. (2d) 622, a minute entry made by the clerk of the court has nothing to do with the final judgment of the court. It is merely evidence of what the judge has decided to do at the time. He is free to change his decision at any time before the entry of his final order or judgment. If the minute entry is different from the judgment entered, it cannot be used for the purpose of contradicting or impeaching the judgment.

■ The court in this case was free to change its mind about the granting of the motion to vacate the decree at any time before the death of George Osborne. At that time, under our decided cases, it lost jurisdiction of the subject matter of the action. No judgment vacating the decree was ever entered, and the court was not in error in correcting the mistake that it made when it entered the purported order *nunc pro tunc*.

The order appealed from is affirmed.

FINLEY, C. J., WEAVER, and FOSTER, JJ., concur.

HILL, J. (concurring specially)—I concur in the narrow issue actually presented, *i.e.*, the *nunc pro tunc* order vacating the divorce should not have been entered, and we affirm the order setting aside or vacating the said *nunc pro tunc* order.

I do not concur in any language from which it may be inferred that even if the property-settlement provisions of the divorce decree were a fraud on the appellant she is without a remedy. We have held that such fraud is extrinsic and can be reached, if at all, only by a direct attack. *Anderson v. Anderson* (1958), 52 Wn. (2d) 757, 328 P. (2d) 888.

As I view the record, the posture of the case, as a result of our opinion and judgment, is that the divorce decree itself has not been vacated and the appellant has a motion pending to vacate it. We have not determined her right to proceed against all or part of that decree.