[No. 4736–5–II. Division Two. October 25, 1982.]

*In the Matter of the Marriage of* TERESA M.
JOHNSTON, *Respondent, and* JOHNNY
A. JOHNSTON, *Appellant.*

*Eugene A. Stock,* for appellant.

*Peter Kram,* for respondent.

REED, C.J.—We are asked to decide whether service of process by publication is sufficient to support a default judgment for child support against a nonresident defendant. We hold that it is not.

On August 28, 1975, Teresa Johnston obtained a default judgment for (1) dissolution of her marriage with Johnny Johnston and (2) child support. Because Mr. Johnston had moved to an unknown location in California, summons was published in the Tacoma Daily Index. RCW 4.28.100. In 1979 Mr. Johnston returned to Washington and Teresa initiated an action to collect arrearages in child support. Mr. Johnston filed a motion to vacate the default judgment for fraud and lack of jurisdiction. His motion was denied without a reason appearing in the record and judgment entered against him for $11,175. This appeal followed.

■ The long–standing rule in this state is that a valid *personal* judgment cannot be entered upon a service by publication. *Clifford v. Pateros Transfer Co.,* 71 Wash. 665, 129 P. 369 (1913); *Hays v. Peavey,* 54 Wash. 78, 102 P. 889 (1909); *Paxton v. Daniell,* 1 Wash. 19, 23 P. 441 (1890); 2 L. Orland, Wash. Prac. § 104(3) (3d ed. 1972); *see also* 24 Am. Jur. 2d *Divorce and Separation* §§ 554, 828 (1966). A limited statutory exception to the general rule has been recognized where a resident defendant leaves the state, or conceals himself within the state, with the intent to defraud creditors or avoid service of a summons. RCW 4.28.100(2); *Dobbins v. Beal,* 4 Wn. App. 616, 483 P.2d 874 (1971). Mrs. Johnston draws our attention to subsection (4) of RCW 4.28.100 as authority for serving process by publication when the action is "for *divorce* in the cases prescribed by law". (Italics ours.) Insofar as her action was for dissolution of the marriage, notice by publication was sufficient. "Divorce," however, concerns an in rem action affecting the status of the marital relationship. 2 L. Orland, Wash. Prac. § 30 (3d ed. 1972). Thus, RCW 4.28.100(4) does not sanction service of summons by publication where additional relief is sought which requires in personam jurisdiction, such as support.

■ Mrs. Johnston also contends that the long–arm statute, RCW 4.28.185, authorizes the type of service utilized

here. We disagree. The long–arm statute simply permits extraterritorial service of process (personal service) where a nonresident defendant has had sufficient "contacts" with this state to satisfy due process. *Tyee Constr. Co. v. Dulien Steel Prods., Inc.,* 62 Wn.2d 106, 381 P.2d 245 (1963). It does not sanction service of process in a manner that would be unacceptable for in–state service. *See* Orland & Fischnaller, *Jurisdiction Salad: Washington Style,* 9 Gonz. L. Rev. 1 (1973). Consequently, the trial court lacked jurisdiction to enter a valid in personam support judgment against Mr. Johnston.

 Finally, we note that the summons published in the Tacoma Daily Index stated that:

> The object of this action is for your spouse to secure a dissolution of the marriage of the parties hereto.

Even if a valid judgment for child support could be obtained upon service of process by publication, the notice in the present case is deficient. Our reasoning for this conclusion cannot be stated with greater clarity than contained in the following excerpt from *Staley v. Staley,* 15 Wn. App. 254, 257–58, 548 P.2d 1097 (1976):

> Until adequate notice, actual or constructive, is given, the court has no jurisdiction to proceed to judgment. *Ware v. Phillips,* 77 Wn.2d 879, 468 P.2d 444 (1970), and authority cited therein. RCW 4.28.110 requires that the "publication shall also contain a brief statement of the object of the action." To state that object as an action for divorce complies with the requirements of due process where the only result sought is a dissolution. Where the prayer of the complaint requests additional relief such as the distribution of property, however, merely stating the action is for divorce does not comport with due process.

(Footnotes omitted.)

The notice in the present case failed to inform Mr. Johnston that child support was being sought. Consequently, the court below lacked jurisdiction to award same.

Reversed and remanded for proceedings not inconsistent with this opinion.

PETRIE and PETRICH, JJ., concur.