[Nos. 12410–2–I; 12411–1–I.   Division One.   August 29, 1983.]

PAULA M. KENNEDY, *Respondent,* v. JURGEN
KORTH, ET AL, *Appellants.*

BERNADETTE L. LARSEN, *Respondent,* v. JURGEN
KORTH, ET AL, *Appellants.*

*Williams, Lanza, Kastner & Gibbs* and *John Rosendahl,*
for appellants.

*Paul Luvera, Jr.,* and *Robert Knies,* for respondents.

SCHOLFIELD, J.—Defendant Dr. Jurgen Korth seeks dis-
cretionary review of a trial court order denying his motion
to dismiss, for insufficiency of service and lack of jurisdic-
tion, two professional malpractice actions against him. Dr.
Korth also moves to strike certain portions of plaintiffs'
appellate brief. We reverse.

In 1980, three medical malpractice actions were filed
against Dr. Korth. In November 1980, Dr. Korth's surgical
privileges were suspended at the hospitals in which he
practiced. After initially cooperating with his counsel in
defense of the three pending malpractice actions, Dr. Korth
left the state of Washington and, presumably, returned to

West Germany on some unspecified date in early 1981 and subsequent to January 6, 1981. Thereafter, Dr. Korth did not maintain contact with his attorneys or participate in defense of the pending actions.

The present actions were filed on May 14, 1982. The Larsen complaint alleges medical malpractice occurring in October 1979. The Kennedy complaint alleges medical malpractice occurring in April 1980. On May 27, 1982, Kennedy[1] obtained an ex parte order authorizing service of process pursuant to CR 4(d)(4),[2] CR 4(i), providing alternative provisions for service in a foreign country,[3] and/or

---

[1]The record does not disclose whether or not a comparable order was entered in the Larsen case.

[2]CR 4(d)(4) provides as follows:

"*Alternative to Service by Publication.* In circumstances justifying service by publication, if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication, the court may order that service be made by any person over 18 years of age, who is competent to be a witness, other than a party, by mailing copies of the summons and other process to the party to be served at his last known address or any other address determined by the court to be appropriate. Two copies shall be mailed, postage prepaid, one by ordinary first class mail and the other by a form of mail requiring a signed receipt showing when and to whom it was delivered. The envelopes must bear the return address of the sender. The summons shall contain the date it was deposited in the mail and shall require the defendant to appear and answer the complaint within 90 days from the date of mailing. Service under this subsection has the same jurisdictional effect as service by publication."

[3]CR 4(i)(1) reads as follows:

"*Manner.* When a statute or rule authorizes service upon a party not an inhabitant of or found within the state, and service is to be effected upon the party in a foreign country, it is also sufficient if service of the summons and complaint is made: (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or (B) as directed by the foreign authority in response to a letter rogatory, when service in either case is reasonably calculated to give actual notice; or (C) upon an individual, by delivery to him personally, and upon a corporation or partnership or association, by delivery to an officer, a managing or general agent; or (D) by any form of mail, requiring a signed receipt, to be addressed and mailed to the party to be served; or (E) as directed by order of the court. Service under (C) or (E) above may be made by any person who is not a party and is not less than 21 years of age or who is designated by order of the court or by the foreign court."

RCW 4.28.100(2).[4] The order does not make a finding that particular facts required for service by publication existed. The order provided for alternate service by mailing a copy of the summons and complaint to Dr. Korth's malpractice insurance company, a copy to the firm of attorneys defending Dr. Korth in the first three actions, and then provided as follows:

> Copies shall be mailed certified mail, return receipt requested, addressed to Defendants' last known address as set forth in the affidavit filed by Plaintiff, provided that the service shall be deemed adequate and complete whether Defendants sign the receipt.

The affidavits filed by Kennedy in support of her motion for an order authorizing alternative service upon a person residing in a foreign country do not make a prima facie showing that Dr. Korth left the United States for the purpose of defrauding creditors or for the purpose of avoiding service of process. From the record, it appears to be undisputed that Dr. Korth changed his residence from the state of Washington to West Germany prior to the filing of the subject actions. There would appear, therefore, to be no basis for an assertion that he left the state of Washington to avoid service of process. While there is an allegation that Dr. Korth disposed of property in the state of Washington prior to or shortly after he moved to West Germany, there

---

[4]RCW 4.28.100 provides, in pertinent part:

"Service of summons by publication—When authorized. When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, and that he has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his attorney in any of the following cases:

" . . .

"(2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent;"

is nothing in the record to support the assertion that he did this for the purpose of defrauding creditors. In fact, there is no showing that he had any creditors. At the time he left, he had malpractice insurance to cover the three pending malpractice claims, and the two claims which are involved in this appeal had not yet been filed. When Dr. Korth lost his hospital privileges in the state of Washington, he could reasonably change his residence to a locality where he could practice his profession, and, equally reasonably, could dispose of assets he possessed in the country he is leaving. The record here indicates Dr. Korth permanently changed his residence from Washington to West Germany. We cannot draw from the facts presented any conclusion that Dr. Korth departed Washington for the purpose of defrauding creditors or to avoid service of process. Nor, as we have stated, did the trial judge make such a finding.

■ The general rule recognized in this state is that personal service is required in order to attain in personam jurisdiction over an individual defendant. *Ashley v. Superior Court,* 83 Wn.2d 630, 641, 521 P.2d 711 (1974) (Brachtenbach, J., concurred in by four other justices); *In re Marriage of Johnston,* 33 Wn. App. 178, 653 P.2d 1329 (1982) (service of process by publication insufficient to support a default judgment for child support against a nonresident defendant). *But see Dobbins v. Beal,* 4 Wn. App. 616, 619, 483 P.2d 874 (1971) (upholds service pursuant to RCW 4.28.100(2) upon the basis of an affidavit "not materially challenged", asserting that defendant left the state of Washington with intent to defraud creditors or to avoid the service of a summons).

Assuming for purposes of this appeal that service pursuant to the order of May 27, 1982 would have satisfied due process requirements as stated in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950), respondents nevertheless failed to comply with the provisions of RCW 4.28.100(2). Consequently, the general rule that personal service is required to confer in personam jurisdiction over an individual defendant is

applicable here.

The record discloses an address in Kiel, West Germany, where Dr. Korth's wife is living, and there is some indication that Dr. Korth is living there also. Kennedy concedes that no attempt was made to obtain personal service on Dr. Korth in West Germany.[5] Because Dr. Korth was not personally served, the trial judge's decision must be reversed.

After this matter was heard by the trial judge, the respondents received information from postal authorities relating to their efforts to have mail delivered to Dr. Korth. Dr. Korth made a motion to strike said documents from the record in this case, since they were not presented to the trial judge. Although a motion to strike could be granted on that ground, our disposition of the appeal obviates the necessity of ruling on the motion to strike.

Reversed with instructions to dismiss the actions without prejudice.

SWANSON and CORBETT, JJ., concur.

Reconsideration denied September 27, 1983.

Review denied by Supreme Court November 18, 1983.

---

[5]RCW 4.28.180 provides for personal service upon any party outside the state and gives such service the same effect as personal service within the state.