IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DANA VASARI, | No. 86634-6-I |
| Appellant, | |
| v. | DIVISION ONE |
| PATRICK JOHN D'ABBRACCI, | UNPUBLISHED OPINION |
| Respondent. | |

HAZELRIGG, C.J. — Dana Vasari appeals the dismissal of her personal injury suit against her ex-husband, Patrick John D'Abbracci. Vasari moved for a third continuance of the trial on the day it was set to begin, but when the trial court denied her motion, she declined to proceed with the jury trial. The court then released the jury and dismissed the case with prejudice. Because, on appeal, Vasari failed to comply with RAP 10.3(a) and provide any reference to the record or legal authority in support of her assignments of error, we do not reach the merits of her claims. Accordingly, we affirm.

FACTS

This is the second appeal between the parties arising from different causes of action, but is based on the same incident that took place on December 6, 2019. The underlying facts are set out in this court's unpublished opinion. *See In re*

*Marriage of D'Abbracci*, No. 82638-7-I (Wash. Ct. App. Apr. 25, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/826387.pdf.[1]

On August 27, 2021, Vasari sued her ex-husband, D'Abbracci, on causes of action for battery, assault, malicious abuse of process, wrongful dissemination of private information, and defamation. She was represented by counsel when she filed the complaint. D'Abbracci filed his answer and affirmative defenses on February 9, 2022. On June 6, the trial court set the start date for the jury trial on December 5, 2022.

On June 29, D'Abbracci moved for partial summary judgment.[2] The trial court denied the motion on August 22, explaining its reasoning in a written decision. On September 28, Vasari moved to reschedule trial from December 5 to a date on or after April 3, 2023. On October 14, the court granted her motion and continued the jury trial to September 25, 2023.

On September 14, 2023, Vasari's counsel moved to withdraw and filed a notice of intent to withdraw effective September 25. On September 28, the Snohomish County Superior Court Administrator issued a notice of trial setting to the parties that indicated a new trial date of February 26, 2024.

On January 30, 2024, Vasari filed a calendar note for a second continuance, but failed to file the corresponding motion. On February 1, D'Abbracci filed his objection and response to Vasari's motion for continuance. However, because

---

[1] Pursuant to GR 14.1(c), we may cite to unpublished opinions as necessary for well-reasoned opinions. We rely on this opinion solely for the facts that are relevant to this appeal.

[2] This motion for partial summary judgment is not in the record transmitted to this court on appeal.

Vasari set the hearing on the judge's civil motions calendar for a day when it did not operate, it was cancelled by the court.

On February 9, Vasari submitted a second calendar note for a continuance. She again noted the motion for hearing, this time on a judge's personal calendar, but she did not write the name of the judge or the department in the spaces provided on the form, so the hearing was again stricken.

On February 13, Vasari filed her response to D'Abbracci's objection to her motion to continue the trial date. Three days later, she filed a third calendar note for a motion to continue, again omitting the actual motion. She scheduled the hearing for February 26—the same day as the start of the jury trial. On February 22, D'Abbracci filed a supplemental declaration opposing a continuance.[3] Vasari responded to the supplemental declaration the next day.

On February 26, Vasari and counsel for D'Abbracci appeared before Judge Jennifer Langbehn. The judge called the case at 9:13 a.m. and commented that the trial date had been stricken for lack of confirmation. She then acknowledged the motion for continuance had been noted on the docket and commented that the motion had not been properly filed and would ordinarily be heard without oral argument. However, she allowed the matter to be heard and indicated that she would continue the trial to April 1.

Vasari objected and insisted that the new trial date did not provide enough time to retain a new counsel. The trial court responded that if the trial was

---

[3] While both parties reference Vasari's motion to continue trial date in their respective pleadings filed in the trial court, the motion itself is not in the record transmitted to this court on appeal.

continued to April 1, nearly seven months would have passed since Vasari's counsel withdrew. Vasari also claimed that D'Abbracci had not provided her with all copies of her medical records. D'Abbracci responded that he had shared what he obtained and that any missing records could be retrieved directly from the providers. The trial court noted that Vasari did not file any discovery motions and stated that the discovery issues raised by Vasari were outside the scope of a motion to continue. The court also expressed concern about the length of time that the case had been pending, as well as the amount of time that had passed without Vasari retaining new counsel. It set the case for trial beginning on April 1 and let Vasari know that she could renew her motion to continue if she obtained new counsel who needed time to prepare. On February 27, the court signed an order continuing the trial to April 1, 2024, at 9:00 a.m.

On April 1 at 8:07 a.m., Vasari moved for a fourth continuance, again citing lack of counsel and incomplete discovery. D'Abbracci filed a motion for sanctions against Vasari for failing to comply with the Snohomish County Superior Court's protocol for in-person jury trials which requires, among other things, that the parties exchange witness and exhibit lists and numbered paper copies of exhibits. D'Abbracci filed a declaration describing the alleged noncompliance and referenced his trial brief in the motion.[4]

On April 1, at 10:00 a.m., Judge Bruce Weiss called the case for trial. He acknowledged Vasari's last-minute motion to continue and D'Abbracci's motion to

---

[4] D'Abbracci's trial brief is missing from the record transmitted to this court on appeal.

strike her complaint.[5]  D'Abbracci informed the court that he had not received Vasari's motion.  Vasari stated that she had e-mailed it to D'Abbracci's counsel over the weekend, but the attorney confirmed he had not received it.

Judge Weiss noted that he disagreed with a prior summary judgment ruling issued by another judge and invited argument from the parties.  Still, he did not vacate or amend the summary judgment order.  The court then asked Vasari about her failure to follow the court's protocol for an in-person jury trial and requested that she identify her witnesses.  Vasari stated that she had no witnesses and had not requested the court to issue any subpoenas.

Judge Weiss reminded the parties that the jurors were present and waiting and he needed to rule on Vasari's motion.  He advised Vasari that she would need to decide whether to proceed with the trial.  He also indicated that he would have granted a continuance had she retained an attorney, but noted she had not provided any indication of when or if she would secure a counsel.  Vasari pointed out that she had contacted 14 attorneys, all of whom declined to take her case due to time constraints and the lack of preparation time before trial.

Citing the length of time that had passed and Vasari's ongoing failure to retain counsel, the court denied Vasari's motion to continue.  When asked whether she intended to proceed without counsel, Vasari responded she was not prepared to go to trial that day.  The court emphasized that it could not keep the jury panel waiting and reminded Vasari that even as a pro se litigant, she was held to the same standard as an attorney, and she had neither asked the court to compel

---

[5] Again, D'Abbracci's motion to strike the amended complaint is also not in the record transmitted to this court on appeal.

witnesses' attendance, nor had she followed the local procedures required for jury trials. The court therefore dismissed the case and released the jury panel.

Vasari timely appealed.

ANALYSIS

I.      Decisions under Review

Vasari assigns error to (1) the trial court's April 1, 2024 order of dismissal with prejudice; (2) the court's April 1, 2024 minute entry that includes a heading "Final Disposition—Verdict;" (3) a February 26, 2024 minute entry; (4) a March 4, 2024 notice of trial setting and certificate of trial confirmation. Before turning to the merits of her appeal, we must determine which of these documents fall within our scope of review.

Under RAP 2.2, a party may appeal a "'final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs.'" *Denney v. City of Richland*, 195 Wn.2d 649, 653, 462 P.3d 842 (2020) (quoting RAP 2.2(a)(1)). A final judgment resolves the merits of a party's legal claims. *Id.* at 654. RAP 5.2(a)(1) further requires an appellant to file a notice of appeal within 30 days after entry of the decision to be reviewed. *Id.* at 653.

As a preliminary matter, the February 26, 2024 minute entry, March 4, 2024 notice of trial setting, and April 1, 2024 minute entry are not orders, much less final judgments for purposes of appeal. *See* RAP 2.2(a); *Denney*, 195 Wn.2d at 654; *Osborne v. Osborne*, 60 Wn.2d 163, 167, 372 P.2d 538 (1962) ("[A]n unsigned minute entry is not a judgment."). Accordingly, we decline to consider them. Of

the documents identified in her notice of appeal, only the April 1, 2024 order denying Vasari's motion for continuance and dismissing her case is properly before us.

II.     Procedural Barriers

Although Vasari represents herself on appeal, pro se litigants must comply with the same procedural and substantive standards as attorneys. *In re Vulnerable Adult Pet. of Winter*, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). RAP 10.3(a) governs the content of briefing on appeal and requires that an appellant include a fair and non-argumentative summary of the facts and procedure, with citations to the record for each statement. RAP 10.3(a)(5). Courts are not required to search the record to support a party's position. *Mills v. Park*, 67 Wn.2d 717, 721, 409 P.2d 646 (1966). The opening brief must also contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6).

Here, Vasari's opening brief does not cite the record or binding legal authority in support of her arguments. This noncompliance with the RAPs limits our ability to evaluate her claims. Even so, appellate courts may consider an inadequately briefed legal or factual issue if its basis is apparent. *DeHeer v. Seattle Post-Intelligencer,* 60 Wn.2d 122, 126, 372 P.2d 193 (1962) (courts will not consider assignment of error without argument or authority unless "apparent without further research"). We therefore attempt to address the merits of Vasari's challenges to the extent they are discernable. *See* RAP 1.2(a).

Vasari assigns error to the trial court's dismissal of her case after she failed to comply with the case schedule and requirements for trial. However, she does not identify or apply the relevant standard of review or engage in any legal analysis of this issue. While she references some legal concepts, she cites no Washington cases.

An argument without legal authority or citation to the record is not adequate for appellate review. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); *Norcon Builders, LLC v. GMP Homes VG, LLC*, 161 Wn. App. 474, 486, 254 P.3d 835 (2011). Because Vasari does not support her assignment of error with reasoned analysis and fails to provide any relevant legal basis for challenging the dismissal order, we decline to reach the merits of this claim.[6]

Because Vasari has failed to establish entitlement to relief on appeal, we affirm.

WE CONCUR:

---

[6] Vasari's primary argument concerns judicial bias and due process. She contends that Judges Langbehn and Weiss should have unilaterally recused themselves. However, Vasari did not move for recusal and this issue was not ever raised in the trial court.

Generally, appellate courts will not consider issues raised for the first time on appeal. RAP 2.5(a); *see also Brundridge v. Fluor Fed. Servs., Inc.,* 164 Wn.2d 432, 441, 191 P.3d 879 (2008); *Fireside Bank v. Askins*, 195 Wn.2d 365, 374, 460 P.3d 157 (2020). The reason for this rule is to give the trial court the first opportunity to address and resolve legal errors, thereby avoiding unnecessary appeals and retrials. *Smith v. Shannon,* 100 Wn.2d 26, 37, 666 P.2d 351 (1983). One limited exception applies when an appellant shows a manifest error affecting a constitutional right, which Vasari did not seek to establish here. RAP 2.5(a)(3).