FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
MAY 7, 2020

CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
MAY 7, 2020

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CHRISTOPHER DENNEY, | ) | |
| | ) | No. 97494-2 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| CITY OF RICHLAND, | ) | |
| | ) | |
| Respondent. | ) | Filed May 7, 2020 |
| | ) | |

MADSEN, J.—The RAPs direct a party seeking review of a final judgment to appeal within 30 days, regardless of whether the judgment reserves for future determination an award of attorney fees or costs. RAP 2.2(a)(1), 5.2(a). We are asked whether a summary judgment order resolving all substantive legal claims constitutes a "final judgment" pursuant to RAP 2.2(a)(1). We hold that it does.

## BACKGROUND

Christopher Denney, a firefighter, sued the city of Richland in 2017. He argued that the city violated the Public Records Act, ch. 42.56 RCW, by withholding two investigative complaints Denney made about on-the-job harassment and discrimination.

In 2019, both Denney and the city filed cross motions for summary judgment. After a hearing, the trial court granted summary judgment for the city and denied Denney's motion, finding the requested records were properly exempted from disclosure as attorney work product. The order states, in relevant part:

> Based on the foregoing IT IS ORDERED, ADJUDGED, AND DECREED:
>
> 1. Defendant City of Richland's motion for summary judgment is GRANTED;
> 2. Plaintiff Mr. Denney's motion for summary judgment is DENIED;
> 3. All claims and causes of action alleged by plaintiff in this matter are DISMISSED WITH PREJUDICE; and
> [4.] Defendant City of Richland is the prevailing party herein and may present judgment accordingly.

Appellant's Mot. for Discr. Review, App. 6. The order is dated February 12, 2019. The city promptly filed its notice of presentation three days later. On March 14, 2019, the final judgment was entered against Denney, awarding taxable costs to the city for a total judgment of $200. Denney filed his notice of appeal on April 1, 2019, two weeks after the entry of final judgment and more than 30 days after the summary judgment and dismissal order.

Because Denney filed his appeal more than 30 days after the summary judgment order was issued, the Court of Appeals sua sponte set the matter for dismissal as untimely. Denney argued the 30-day limitation ran from the March 14 judgment; alternatively, he asked for an extension of time based on the extraordinary circumstance that the February 12 order was misleading. The Court of Appeals commissioner disagreed. She noted that under RAP 2.2(a)(1), "[t]he language Mr. Denney quotes from

2

the [trial court's] Order was not misleading because it clearly refers to entry of a judgment in favor of the City, as the 'prevailing party.' The requested judgment is for a judgment that awards specific amounts as costs to the City." *Id.*, App. at 3 (ruling terminating review, No. 36720-7-III (May 17, 2019)). The commissioner dismissed Denney's appeal, which Denney then moved to modify. Chief Judge Lawrence-Berry denied the motion in part, upholding the commissioner's ruling dismissing Denney's appeal of the February 12 order and granting the motion as to the appeal of the March 14 final judgment on the "limited scope of the [$200] cost award." *Id.*, App. at 1 (Order Granting in Part and Denying in Part Mot. to Modify Comm'r's Ruling, No. 36720-7-III (July 17, 2019)). Denney moved for discretionary review here, which we granted.

ANALYSIS

To determine the timeliness of Denney's appeal we must interpret our rules of appellate procedure. The interpretation of a court rule presents a question of law that we review de novo. *State v. Stump*, 185 Wn.2d 454, 458, 374 P.3d 89 (2016) (citing *State v. Engel*, 166 Wn.2d 572, 576, 210 P.3d 1007 (2009); *Jafar v. Webb*, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013)). When we interpret a court rule, similar to when we interpret a statute, we strive to determine and carry out the drafter's intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002) (citing *State v. J.M.*, 144 Wn.2d 472, 480, 28 P.3d 720 (2001)). We determine that intent by examining the rule's plain language, not in isolation but in context, considering related provisions, and in light of the statutory or rule-making scheme as a whole. *State v. Conover*, 183 Wn.2d 706,

711, 355 P.3d 1093 (2015) (quoting *Ass'n of Wash. Spirits & Wine Distribs. v. Wash. State Liquor Control Bd.*, 182 Wn.2d 342, 350, 340 P.3d 849 (2015)).

Appealing a final order under the RAPs

RAP 2.2(a)(1) allows a party to appeal a "final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs." RAP 5.2(a)(1) requires a notice of appeal to be filed no later than "30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed."

Definitions included in the appellate rules are controlling, but in their absence, this court will give a term its plain and ordinary meaning ascertained from a standard dictionary. *State v. Taylor*, 150 Wn.2d 599, 602, 80 P.3d 605 (2003) (citing *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002)). The term "final judgment" is not defined in the RAPs. *Id.* We have looked to *Black's Law Dictionary* for a definition: "'A court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment.'" *Id.* (quoting BLACK'S LAW DICTIONARY 847 (7th ed. 1999));[1] *accord Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481, 492, 200 P.3d 683 (2009). We have also relied on *Webster's Third New International Dictionary*: a final judgment is "'a judgment . . . that eliminates the litigation between the parties on the merits and leaves nothing for the inferior court to do in case of an affirmance except to

---

[1] The most recent edition of *Black's* provides the same definition. *See* BLACK'S LAW DICTIONARY 1008 (11th ed. 2019).

execute the judgment.'" *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 949, 162 P.3d 413 (2007) (alteration in original) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 851 (2002)). Thus, this court has generally defined a final judgment in terms of its effect on the underlying cause of action. *See also In re Dependency of A.G.*, 127 Wn. App. 801, 808, 112 P.3d 588 (2005) (it is the "practical effect of an order which determines its appealability"). That is, whether it resolved the merits of a party's legal claims. *See Taylor*, 150 Wn.2d at 602 (quoting BLACK'S, *supra*, at 847 (7th ed. 1999)); *Skylstad*, 160 Wn.2d at 949 (quoting WEBSTER'S, *supra*, at 851).

The definitional focus on the effect of a judgment is borne out in our appellate rules. *See* 21 SCOTT J. HORENSTEIN, WASHINGTON PRACTICE: FAMILY AND COMMUNITY PROPERTY LAW § 51:7, at 250 (2d ed. 2015) (stating that judgments listed in RAP 2.2 are all characterized by a measure of finality). As stated above, a party may appeal within 30 days a "final judgment . . . , regardless of whether the judgment reserves for future determination an award of attorney fees or costs." RAP 2.2(a)(1); RAP 5.2(a). RAP 2.2(a)(1) exempts attorney fees from an otherwise final judgment on the merits.

Dovetailing RAP 2.2, RAP 2.4(b) explains that "[a] timely notice of appeal of a trial court decision relating to attorney fees and costs does not bring up for review a decision previously entered in the action that is otherwise appealable under rule 2.2(a) unless a timely notice of appeal has been filed to seek review of the previous decision." An "appeal from an attorney fee decision does not bring up for review a separate judgment on the merits unless a timely notice of appeal is filed from that judgment." *Bushong v. Wilsbach*, 151 Wn. App. 373, 377, 213 P.3d 42 (2009). Under RAP 2.4(g),

an appeal from the judgment on the merits also brings up for review an award of attorney fees by the trial court, entered after the appellate court has accepted review. The rule eliminates the need to file a second, separate notice of appeal from an award of attorney fees. 2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.4, at 198 (8th ed. 2014).

Read together, RAPs 2.2 and 2.4 differentiate between appeals on the merits of a legal claim and on its costs. A party who wishes to appeal both need not appeal separately. A party may file a notice on the merits of a case and so bring along a later cost judgment, while the reverse brings up only attorney fees and costs. *Bushong*, 151 Wn. App. at 376.

The drafter's comments for RAPs 2.2 and 2.4 reinforce the distinction between finality on the merits and finality of costs. In 2002, RAP 2.2 was amended, and the drafters explained that the rule "makes clear that a party may, and indeed should if review on the merits is desired, appeal from a final judgment whether or not an award of attorney fees or costs is reserved for future determination." 2A TEGLAND, *supra*, RAP 2.2, at 133 (8th ed. 2014).[2] This amendment resolved a "long-standing debate about whether an appeal must be delayed pending a decision on costs or attorney fees." *Id*. The comment accompanying a corresponding amendment to RAP 2.4 explains the drafters' intent that

---

[2] The statutory costs awarded in this case were not the costs contemplated by RAP 2.2 because there is no future determination about the amount of these costs. Thus, here, the entire order was appealable upon the judge's signature.

the time limit for an appeal runs from entry of the final judgment and is not tolled until issues of costs and attorney fees are resolved. *Id.*

As RAPs 2.2 and 2.4 demonstrate, our appellate rules contemplate various final judgments that may be appealed. "A judgment may be final even though further steps in the case are contemplated or become necessary." 2A TEGLAND, *supra*, RAP 2.2, at 100 (8th ed. 2014); *see also Rhodes v. D&D Enters., Inc.*, 16 Wn. App. 175, 176-78, 554 P.2d 390 (1976) (order construing real estate contract and directing conveyance of part of a land parcel was held to be final judgment even though specific part of land was left to be determined by negotiation or referee). *Washington Practice* sums up the practical lesson for appellants—"counsel should appeal from the judgment on the merits, even if the issue of attorney fees is still pending." 2A TEGLAND, *supra*, RAP 2.4, at 198 (8th ed. 2014).

Accordingly, Washington courts have held a summary judgment order to be a final judgment despite later entry of a money judgment. In *Carrara, LLC v. Ron & E Enterprises, Inc.*, a trial court issued a summary judgment order stating:

> It is hereby ORDERED, ADJUDGED, AND DECREED that:
>
> 1. Defendant Ron & E Enterprises, Inc.'s Motion for Summary Judgment of All Claims is GRANTED.
>
> 2. Plaintiff Carrara, LLC's claims against Defendant Ron & E Enterprises, Inc. are dismissed with prejudice.

137 Wn. App. 822, 826, 155 P.3d 161 (2007). The order was dated July 8, 2005. *Id.* The trial court then issued an order granting attorney fees on August 9, 2005, and later entered a judgment on September 22, 2005. *Id.* at 824. Carrara filed a notice of appeal for both the summary judgment and attorney fees and costs orders on October 21, 2005.

7

*Id.* at 824-25. Ron & E Enterprises moved to dismiss the notice as untimely filed more than three months after the July summary judgment order. *Id*. at 825. The court commissioner denied the motion to dismiss; Ron & E moved to modify, and a panel of judges denied.

On appeal, the *Carrara* court reviewed our appellate rules and *Washington Practice*'s caution that counsel should appeal from a judgment on the merits even if attorney fees are yet to be resolved. *Id.* at 825-26 (quoting 2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.4, at 181 (6th ed. 2004)). The court then held that the July summary judgment order was a "final, dispositive judgment" and that August 8 was the deadline to appeal that judgment. *Id.* at 826. Because Carrara did not file until October 21, its appeal was untimely and it could not "couch the appeal of the summary judgment order in its appeal of attorney fees." *Id*.

A summary judgment order falls within this court's definition of final judgment. Under *Black's*, an order resolves the rights of both parties when it grants summary judgment to one party and denies it to another. *See* BLACK'S, *supra*, at 847 (7th ed. 1999). Dismissing with prejudice all of a party's claims with the exception of a subsequently resolved cost award is anticipated in *Black's* and RAP 2.2—both authorities exempt costs from the requirement that a final order dispose of all issues. *Id*.; RAP 2.2(a)(1). A summary judgment order fully resolving all legal claims can constitute a final decision beginning the 30-day appeal deadline.

8

Appealing a final order under the Civil Rules

Central to Denney's argument is the applicability of RAP 2.2(a)(1). The Civil Rules direct the attorney for the prevailing party to "prepare and present a proposed form of order or judgment not later than 15 days after the entry of the verdict or decision." CR 54(e). According to Denney, the summary judgment order here did not limit the March CR 54 judgment to fees and costs, and thus, Denny contends, RAP 2.2(a)(1) does not apply. Though we find no such specificity requirement in the RAPs or in any other relevant authority, we are mindful of the guidance CR 54 provides to trial courts and parties. In *Department of Labor & Industries v. City of Kennewick*, we stated that

> "As a practical matter, the bar should not have to act as soothsayers to determine when a written trial court opinion or decision might be a final judgment. For the sake of uniformity, the better practice is to follow CR 54; the prevailing party should submit a proposed judgment, decree or order, with appropriate notice and service upon the opposing party. All parties are then aware of the status of the proceeding and can consider the applicability of postjudgment motions such as motions for reconsideration, CR 59(b), appeals under RAP 2.2, and other time-limited procedures hinging upon entry of judgment."

99 Wn.2d 225, 231, 661 P.2d 133 (1983) (quoting *Dep't of Labor & Indus. v. City of Kennewick*, 31 Wn. App. 777, 783, 644 P.2d 1196 (1982), *rev'd*, 99 Wn.2d 225). While this comment on CR 54 and best practice is dicta, its point is well taken. CR 54's process promotes uniformity and lessens the potential for confusion stemming from multiple final judgments. In this case, CR 54's interaction with our RAPs created the type of confusion

9

these rules sought to avoid. The parties here properly followed CR 54, and Denney relied on the date of this final judgment when filing his notice of appeal.[3]

Though our appellate rules clearly delineate between final judgments on the merits and final judgments on costs, the rules also permit appellate courts to alter the time within which a party must appeal. *See* RAP 2.2(a)(1), 2.4(b), (g); RAP 18.8(a), (b) (an appellate court may waive or alter the provisions of any of these rules in order to serve the ends of justice in extraordinary circumstances and to prevent a miscarriage of justice). In light of the confusion introduced into our appellate rules by CR 54, we therefore agree with Denney that the circumstances of his case are sufficiently extraordinary that treating his appeal as untimely would be a miscarriage of justice. RAP 18.8(b). Extraordinary circumstances include, among other things, excusable error in interpreting the rules. *Shumway v. Payne*, 136 Wn.2d 383, 395, 964 P.2d 349 (1998). Denney's counsel interpreted the March judgment, entered in accordance with CR 54, to be the final judgment from which to appeal, waiting for presentation of the proposed order and

---

[3] We reject Denney's assertion that CR 54 effectively creates a state version of the federal "separate document requirement." Suppl. Br. of Appellant at 11-12. Federal Rule of Civil Procedure (FRCP) 58(a) requires that every judgment be set out in a separate document. A separate judgment filing ensures finality and is required to protect rights to a timely appeal. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). FRCP 58(a) was intended to avoid the inequities that were inherent when a party appealed from a document or docket entry appearing to be a final judgment only to have the appellate court later announce an earlier document or entry had been the judgment and dismiss the appeal as untimely. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385, 98 S. Ct. 1117, 55 L. Ed. 2d 357 (1978). Washington's CR 54 directs the attorney for the prevailing party to prepare and present a proposed form of order or judgment not later than 15 days after the entry of a verdict or decision, and to give 5 days' notice of presentation and serve a copy of the proposal to opposing counsel. CR 54(e), (f)(2). Washington has not adopted FRCP 58. Nor is there any indication in CR 54 or cases interpreting it that our state rule was intended to parallel FRCP 58. We decline Denney's invitation to create a separate document requirement in this case.

appealing after the judgment was signed. Denney's error in interpreting CR 54 and the RAPs is excusable, justifying an extension of time to file his appeal. RAP 18.8(b).

Nevertheless, we caution future, similarly situated appellants that our appellate rules establish the correct procedure on review: a summary judgment order disposing of all substantive legal issues can constitute a final, appealable judgment regardless of a subsequent attorney fees award. As *Washington Practice* advises, "counsel should appeal from the judgment on the merits, even if the issue of attorney fees is still pending." 2A TEGLAND, *supra*, RAP 2.4, at 198 (8th ed. 2014).

## CONCLUSION

A summary judgment order disposing of all claims can constitute a final judgment, thereby starting the 30-day appeal deadline. RAP 2.2(a), 5.2(a). An appeal of a trial court decision on the merits brings along a subsequent cost award, but the reverse is not permitted—a timely appeal of a cost judgment does not bring along review on the merits. RAP 2.4(b), (g). In this case, the summary judgment order wholly resolved Denney's suit on the merits and reserved a cost award for later determination, triggering the deadline. Denny filed his appeal more than 30 days after the summary judgment and dismissal order issued; the Court of Appeals dismissed the merits appeal as untimely while allowing the cost appeal to proceed. We affirm the Court of Appeals on this issue. However, because Denney's misinterpretation of the RAPs is an excusable error, we hold that Denney's case warrants an extension of time to appeal. We therefore reverse and remand the case to the Court of Appeals for further proceedings consistent with this opinion.

No. 97494-2

_Madsen, J._

WE CONCUR:

_Stephens, C.J._        _González, J._

_Johnson, J._        _Gordon McCloud, J._

_Owens, J._        _Yu, J._

_Wiggins, J.P.T._        _Montoya-Lewis, J._