# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JOHN R. REDING, a single man,<br><br>Respondent,<br><br>v.<br><br>NANCY J. PEELE, a single woman,<br><br>Appellant,<br><br>v.<br><br>RED PEELE, INC., a Washington corporation,<br><br>Third-Party Defendant. | No. 56046-1-II<br><br>UNPUBLISHED OPINION |

PRICE, J. — Nancy J. Peele appeals the superior court's order dismissing her counterclaim for quiet title against John R. Reding. Because the superior court's order neither resolves the legal claims between the parties nor determines the action, the order is not appealable under RAP 2.2. Accordingly, we dismiss Peele's appeal.

## FACTS

In September 1998, Peele acquired title to a condominium unit in Tacoma by statutory warranty deed. In December 2002, Peele conveyed by quit claim deed the interest in the condominium to herself and Reding as joint tenants with right of survivorship. That deed was recorded in January 2007. Peele and Reding lived together at the property.

In May 2013, Reding left the property. In June 2013, Peele changed the locks to the property and prevented Reding from having any further access to the property. Reding has not had any access to the property since Peele changed the locks. Peele has paid the mortgage, property taxes, and maintenance costs for the property since May 2013.

In August 2020, Reding filed a complaint against Peele for partition, conversion, and accounting. Peele filed a counterclaim to quiet title based on adverse possession. Peele also included a third-party complaint to dissolve Red Peele, Inc., a corporation formed by her and Reding.

Peele filed a motion for summary judgment on her claim for quiet title. Because Peele could not meet the ten year requirement for adverse possession, she argued that the seven year statutory period under RCW 7.28.070[1] should apply because she had color of title to the property and paid the property taxes. Peele also sought to dismiss Reding's claims for conversion and accounting.

---

[1] RCW 7.28.070 provides:

> Every person in actual, open and notorious possession of lands or tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession, and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title. All persons holding under such possession, by purchase, devise or descent, before said seven years shall have expired, and who shall continue such possession and continue to pay the taxes as aforesaid, so as to complete the possession and payment of taxes for the term aforesaid, shall be entitled to the benefit of this section.

Reding agreed that there were no disputed facts but argued that the superior court should grant summary judgment in his favor on Peele's quiet title claim. Rather than the seven year statutory period under RCW 7.28.070, Reding argued that the ten year statutory period under RCW 4.16.020[2] applied because Peele did not have color of title in the property. Reding conceded that his claim for conversion was time barred.

The superior court denied Peele's motion for summary judgment and dismissed her quiet title claim. The superior court granted Peele's motion for summary judgment on Reding's conversion claim. Peele moved for reconsideration, which was denied by the superior court. The superior court ordered that the case would move forward on Reding's claims for partition and accounting and reserved a decision on attorney fees.[3]

Peele appeals the superior court's order on her motion for summary judgment and the superior court's order denying her motion for reconsideration.

ANALYSIS

Reding argues that we should dismiss Peele's appeal because she is not appealing a final judgment. Peele responds that the superior court's order is appealable because it is a final

---

[2] RCW 4.16.020 provides:

The period prescribed for the commencement of actions shall be as follows:
Within ten years:

(1) For actions for the recovery of real property, or for the recovery of the possession thereof; and no action shall be maintained for such recovery unless it appears that the plaintiff, his or her ancestor, predecessor or grantor was seized or possessed of the premises in question within ten years before the commencement of the action.

[3] There is no mention of further action on the third-party complaint regarding Red Peele, Inc. in the record before this court.

judgment or, alternatively, it is an order determining the action under RAP 2.2(a)(3). We dismiss Peele's appeal because the superior court's order is not appealable under RAP 2.2(a).

RAP 2.2(a) lists the superior court decisions that may be appealed. Under RAP 2.2(a)(1) a party may appeal "[t]he final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs." A final judgment is an order or decision that resolves the parties' legal claims. *Denney v. City of Richland*, 195 Wn.2d 649, 654, 462 P.3d 842 (2020). A summary judgment order resolving all legal claims can constitute a final judgment. *Id.* at 657.

Here, the superior court's order is clearly not a final judgment. Although the superior court's order dismisses Peele's counterclaim to quiet title in the property and Reding's claim for conversion, it does not resolve Reding's claims regarding partition and accounting. Reding may be generally entitled to partition and accounting based on the order, but the facts supporting the partition and accounting still need to be litigated and a final determination made by the superior court. Further, the superior court's order on summary judgment does not appear to have any effect on Peele's third-party complaint regarding the corporation, which also appears to remain unresolved. Thus, the superior court's order does not resolve all legal claims between the parties and is not a final judgment that is appealable under RAP 2.2(a)(1).

Alternatively, RAP 2.2(a)(3) allows a party to appeal "[a]ny written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action." However, nothing about the superior court's order prevents final judgment or discontinues the action. The remaining claims are able to proceed until all legal claims between the parties are resolved and a final judgment is entered in this case. At that point, all the

issues may be reviewed on appeal, including whether the superior court properly dismissed Peele's

counterclaim for quiet title. Accordingly, the superior court's order is not appealable under RAP

2.2(a)(3).

Because the superior court's order is not appealable, we dismiss Peele's appeal.[4]

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

VELJACIC, J.

___

[4] Even if we considered Peele's appeal as a motion for discretionary review under RAP 5.1(c), discretionary review would not be appropriate under RAP 2.3(b)(1) or (b)(2) because the superior court has not committed obvious or probable error. Although Peele claims there is case law indicating that RCW 7.28.070 may apply in cases of ouster by a joint tenant, she cites to no explicit holding supporting that position. Further, there is case law explicitly defining color of title: " 'Color of title means that the adverse claimant holds or traces back to a title document, usually a deed, that *appears on its face to convey good title*, but that, for some reason that does not appear on its face, did not convey title.' " *Selene RMOF II REO Acquisitions II, LLC v. Ward*, 189 Wn.2d 72, 85, 399 P.3d 1118 (2017) (internal quotation marks omitted) (quoting *Campbell v. Reed*, 134 Wn. App. 349, 358, 139 P.3d 419 (2006)). Here, Peele has presented no document purporting to grant her title to the property individually. And there is a valid and recorded deed stating title to the property was granted to Peele and Reding as joint tenants. Therefore, under established case law, Peele has not demonstrated that the superior court made an obvious or probable error by determining that Peele could not pursue her claim under RCW 7.28.070 requiring color of title.