IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LORI SHAVLIK,<br><br>      Petitioner,<br><br>  v.<br><br>CITY OF SULTAN, RUSSELL WIITA, BOB McCARTY, STEPHANIE ALDRICH, ROCKY WALKER, CALEI VAUGHN, JOE NEIGEL, CHRISTINE SIVEWRIGHT, JEFFREY BEEHLER, NATE NEHRING, MEGAN DUNN, STEPHANIE WRITE, JARED MEAD, SAM LOW, DENO MILLIKAN LAW FIRM PLLC,<br><br>      Defendants,<br><br>SNOHOMISH COUNTY, JAMES ZACHOR, ZACHOR THOMAS, PLLC, and JOEL P. NICHOLS,<br><br>      Respondents. | No. 82456-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, A.C.J. — Lori Shavlik filed an amended notice of appeal challenging the trial court's September 20, 2021 order granting attorney fees to Snohomish County. Accordingly, a panel of this court limited appellate review to that order. Despite this limited scope of review, Shavlik's sole contention on appeal is that the trial court judge erred by failing to disqualify himself after she filed an affidavit of prejudice at a hearing

Citations and pin cites are based on the Westlaw online version of the cited material.

in February 2021.  The issue of disqualification is not properly within the scope of review, and Shavlik does not otherwise challenge the fee award.  We affirm.

FACTS

On September 11, 2020, pro se appellant Lori Shavlik initiated a personal injury lawsuit against the mayor and city councilmembers for the City of Sultan (collectively City), Snohomish County and members of the county council (collectively County); and James Zachor and Joel Nichols, along with their law firms Zachor Thomas PLLC and Deno Millikan Law Firm PLLC (collectively attorney defendants).[1]  The lawsuit arose primarily from events regarding an antiharassment protection order entered against Shavlik in Snohomish County Superior Court.  Shavlik raised claims of negligence, barratry, champerty, maintenance, abuse of process, malicious prosecution, intentional infliction of emotional distress, and outrage.

The attorney defendants moved to dismiss Shavlik's complaint pursuant to CR 12(b)(6).  On October 26, 2020, the motions were noted for consideration via a remote hearing on February 19, 2021 at 8:30 a.m.  Shavlik confirmed that she would be available on that date.

On February 19, 2021 at 7:44 a.m., Shavlik e-mailed the court and parties requesting a continuance due to travel issues.  The defendants opposed a continuance, noting that the hearing had been on the calendar for months.  The hearing commenced at 8:32:10 a.m.  The court granted the attorney defendants' motions to dismiss, and the hearing concluded at 8:34:58 a.m.  At 8:40 a.m., Shavlik e-mailed images to the trial

---

[1] This is Shavlik's fourth pro se lawsuit since 2017 naming Snohomish County as a defendant.  The first three lawsuits were dismissed with prejudice.

court and parties indicating she had filed an affidavit of prejudice against the trial court judge.[2]

On March 23, 2021, Shavlik filed a notice for discretionary review of the orders dismissing the attorney defendants. In the motion that followed, Shavlik argued in part that discretionary review was warranted because she sought to disqualify the trial court judge prior to the February 19 hearing.

On May 17, 2021, the trial court granted the City's CR 12(b)(6) motion to dismiss. On August 25, 2021, the trial court granted summary judgment dismissal of Shavlik's claims against the County, thereby disposing of all claims. Shavlik did not oppose the County's summary judgment motion, appear at the hearing, or appeal this final order.[3]

On September 16, 2021, the County moved for attorney fees and costs pursuant to RCW 4.84.185. In response, Shavlik moved to strike the County's motion for attorney fees and to disqualify opposing counsel and hold them in contempt, or in the alternative, for a continuance. On September 30, 2021, the trial court granted the County's motion for attorney fees and denied Shavlik's motions. The fee order specified that there was "no rational argument based in law or fact" in support of Shavlik's claims

---

[2] Under former RCW 4.12.050(1) (2009), a motion to disqualify a judge was called an "affidavit of prejudice." The 2017 statutory amendments "[c]hang[ed] the language in the law from the term 'prejudice' to 'disqualification'" because "[i]t is more accurate and some parties don't like to use the term prejudice." S.B. REP. ON SUBSTITUTE S.B. 5277, 65th Leg., Reg. Sess. (Wash. 2017).

[3] Under RAP 2.2(a)(1), a party may appeal "[t]he final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs." A summary judgment order resolving all substantive legal claims constitutes a "final judgment" pursuant to RAP 2.2(a)(1). Denney v. City of Richland, 195 Wn.2d 649, 651, 462 P.3d 842 (2020).

and that the lawsuit "was frivolous and advanced without reasonable cause." Judgment was entered in the amount of $8,670.00.

On October 14, 2021, Shavlik filed a notice of appeal seeking to vacate the orders of dismissal and to remand for "a new hearing before a fair and impartial tribunal." She then filed a corrected amended notice of appeal specifying that she "only seeks appeal of the September 30, 2021, order for attorney fees and cost." On January 19, 2022, a panel of this court entered an order limiting review to the trial court's September 30, 2021 order granting defendant Snohomish County's motion for attorney fees.

ANALYSIS

Shavlik's sole contention on appeal is that the trial court judge erred by proceeding with the February 19, 2021 hearing despite being disqualified. Pro se litigants are bound by the same rules of procedure and substantive law as attorneys. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

RAP 5.3(a) requires that a notice of appeal must "designate the decision or part of decision which the party wants reviewed." Generally, we will not review an order that was not designated in the notice of appeal. RAP 2.4(a); Right–Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 378, 46 P.3d 789 (2002). An exception to this rule exists where an undesignated order "prejudicially affects the decision designated in the notice." RAP 2.4(b). An order "prejudicially affects" the decision designated in the notice of appeal where the designated decision would not have occurred in the absence of the undesignated order. Right–Price Recreation, 146 Wn.2d at 380. An appeal from an award of attorney fees and costs does not bring up for

4

review an otherwise appealable order previously entered in the action. RAP 2.4(b); Carrara, LLC v. Ron & E Enters., Inc., 137 Wn. App. 822, 825, 155 P.3d 161 (2007).

Shavlik's October 14, 2021 corrected amended notice of appeal expressly specified that she was "[o]nly seek[ing] appeal" of the September 30, 2021 attorney fee order. And Shavlik did not seek review of this court's January 19, 2022 order limiting review to this order. Moreover, Shavlik did not timely appeal the trial court's August 25, 2021 final order granting County's motion for summary judgment. The issue of disqualification is not within the scope of review.

In any case, the trial court judge did not err by declining to recuse. "No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050." RCW 4.12.040(1). "A party has the right to disqualify a trial judge for prejudice, without substantiating the claim, if the requirements of RCW 4.12.050 are met." State v. Lile, 188 Wn.2d 766, 774-75, 398 P.3d 1052 (2017). To be timely, a notice of disqualification must be "filed and called to the attention of the judge before the judge has made any discretionary ruling in the case." RCW 4.12.050(1)(a). "The statute's history reflects an accommodation between two important, and at times competing, interests: a party's right to one change of judge without inquiry and the orderly administration of justice." Marine Power & Equip. Co. v. Indus. Indem. Co., 102 Wn.2d 457, 463, 687 P.2d 202 (1984).

5

Here, the record shows that the court granted the defendants' motions to dismiss and the hearing concluded at 8:34:58 a.m.[4]  At 8:40 a.m., Shavlik e-mailed the court and parties that she had initiated electronic service of an affidavit of prejudice.  And the affidavit of prejudice was filed at 9:00 a.m.  See GR 30(c)(1) ("An electronic document is filed when it is received by the clerk's designated computer during the clerk's business hours; otherwise the document is considered filed at the beginning of the next business day.").  Because the trial court made discretionary rulings before Shavlik's affidavit of prejudice was filed and called to the attention of the trial court, it was untimely.

Affirmed.

Smith, A.C.J.

WE CONCUR:

Díaz, J.                                      Coburn, J.

---

[4] We also note that the trial court proceeded with the February 19 hearing despite Shavlik's informal request for a continuance, which the defendants opposed. A ruling on an opposed continuance motion is discretionary.  Lile, 188 Wn.2d at 775.