# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CAROLYN SIOUX GREEN,<br><br>Appellant,<br><br>v.<br><br>STATE OF WASHINGTON, PROVIDENCE ST. PETER HOSPITAL, OLYMPIA POLICE DEPARTMENT, THURSTON COUNTY, and DOE'S 1 through 1,000,<br><br>Respondents. | No. 57429-2-II<br><br><br><br>UNPUBLISHED OPINION |

PRICE, J. — In 2001, Carolyn Sioux Green was involuntarily detained at Providence St. Peter Hospital (PSPH). Over 19 years later, Green brought a suit against PSPH. The superior court granted summary judgment in favor of PSPH and dismissed Green's claims with prejudice. Green appeals.

Because Green's lawsuit was barred by the statute of limitations, we affirm.

FACTS

In May 2001, Green was admitted to the PSPH emergency department for a mental health evaluation. A county designated mental health professional evaluated Green and authorized her detention for 72 hours. Thereafter, PSPH filed a petition for 14 days of involuntary treatment. The superior court granted PSPH's petition and ordered an additional 14 days of treatment.

The following week, PSPH petitioned the superior court for an additional 90 days of involuntary treatment, claiming that Green had not cooperated with treatment and displayed escalating psychosis. The superior court granted the request. A few days later, Green was transferred to American Lake Veterans Administration Hospital.

Many years later, in October 2020, Green filed a complaint against PSPH and several other parties. Green appeared to allege claims of medical negligence and potentially false imprisonment against PSPH.

In February 2022, PSPH moved for summary judgment. PSPH argued, among other things, that Green's complaint was barred by the applicable statute of limitations. PSPH also argued that even if the statute of limitations did not bar Green's complaint, PSPH was protected by qualified immunity under the "Involuntary Treatment Act" (ITA), ch. 71.05 RCW. Green responded by claiming that the statute of limitations was tolled due to unspecified "health impairments" and that qualified immunity did not apply under the egregious circumstances of her detention. Clerk's Papers (CP) at 2297. The superior court granted PSPH's motion for summary judgment, dismissing Green's claims with prejudice.

Green appeals.

ANALYSIS

Green appears to make two general arguments in her appeal—jurisdictional and substantive on the merits. First, Green challenges this court's jurisdiction to hear her appeal. Second, related to the merits of the superior court's dismissal, Green reiterates her arguments made below that her claims were not barred by the statute of limitations due to tolling and that qualified immunity under the ITA did not apply.

## I. JURISDICTION

Green first asserts that we do not have jurisdiction over her appeal. She appears to argue that she is entitled to federal review of the superior court's order and wants this appeal removed to federal court. We disagree.

A party seeking review of a decision of a trial court located in Thurston County, "must seek review in Division Two of the [Washington State] Court of Appeals." RAP 4.1(b)(2). A "final judgment," such as an order granting summary judgment, is subject to direct review by the Court of Appeals. RAP 2.2(a)(1); *Denny v. City of Richland*, 195 Wn.2d 649, 651, 462 P.3d 842 (2020) (summary judgment order resolving all substantive legal claims constitutes a "final judgment" pursuant to RAP 2.2(a)(1)).

Here, Green is seeking review of an order of the Thurston County Superior Court and, appropriately, designated Division Two in her notice of appeal. Green cites to no authority that this court lacks jurisdiction or that she is entitled to removal to federal court under these circumstances. Thus, Green's jurisdictional argument fails. *See DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

## II. STATUTE OF LIMITATIONS

Green's substantive argument relates to tolling of the statute of limitations and the inapplicability of the ITA's qualified immunity to PSPH. As for tolling, Green argues that the statute of limitations was tolled based on three different theories—fraud or intentional concealment under the medical negligence statute, equitable tolling, and incompetency. As for the ITA's

qualified immunity, Green argues that PSPH cannot rely on immunity when the alleged circumstances of her detention were so egregious. Because the statute of limitations is dispositive if it applies, we address Green's "tolling" arguments first.

A.  STANDARD OF REVIEW

We review a superior court's grant of summary judgment de novo. *Crisostomo Vargas v. Inland Wash., LLC*, 194 Wn.2d 720, 728, 452 P.3d 1205 (2019). Summary judgment may be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Meyers v. Ferndale Sch. Dist.*, 197 Wn.2d 281, 287, 481 P.3d 1084 (2021). A genuine issue of material fact exists if reasonable minds could disagree on the conclusion of a factual issue controlling the outcome of the litigation. *Sartin v. Estate of McPike*, 15 Wn. App. 2d 163, 172, 475 P.3d 522 (2020), *review denied*, 196 Wn.2d 1046 (2021). When determining whether to grant summary judgment, we view all facts and inferences in the light most favorable to the nonmoving party. *Id.* We may affirm the trial court's order granting summary judgment on any ground supported by the record. *Martinez-Cuevas v. DeRuyter Bros. Dairy, Inc.*, 196 Wn.2d 506, 514, 475 P.3d 164 (2020).

No. 57429-2-II

B. LEGAL PRINCIPLES

In general, medical negligence claims must be brought within three years of the act or omission alleged to have caused injury.[1] RCW 4.16.350(3). However, there are several ways in which the three-year statute can be tolled. For example, the medical negligence statute itself provides that the three-year statute can be tolled by fraud or intentional concealment. *Id.* The statute provides, in pertinent part, that each claim

> shall be commenced *within three years* of the act or omission alleged to have caused the injury or condition . . . PROVIDED, That the time for commencement of an action is tolled upon proof of *fraud*, [or] *intentional concealment* . . . until the date the patient or the patient's representative has actual knowledge of the act of fraud or concealment . . . the patient or the patient's representative has one year from the date of the actual knowledge in which to commence a civil action for damages.

RCW 4.16.350(3) (emphasis added).

The intentional concealment provision of the medical negligence statute is aimed at conduct or omissions intended to prevent the discovery of negligence. *Breuer v. Presta*, 148 Wn. App. 470, 478, 200 P.3d 724 (2009), *review denied*, 169 Wn.2d 1029 (2010). It demands more than merely the alleged negligent act or omission forming the basis for the cause of action. *Id.* For the intentional concealment tolling provision to apply, the plaintiff must "prove that the doctor knew [they] had committed a negligent act or omission and then intentionally made a material

---

[1] At times in Green's briefing, she appears to allege that PSPH's actions in 2001 amounted to kidnapping. To the extent that Green's argument can be construed as an allegation that PSPH committed the tort of false imprisonment, her claim would be subjected to a two-year statute of limitations, even shorter than that for medical negligence. RCW 4.16.100; *State Farm Fire & Cas. Co. v. Justus*, 199 Wn. App. 435, 452, 398 P.3d 1258, *review denied*, 189 Wn.2d 1026 (2017). Thus, if her medical negligence claims are barred by the statute of limitations, it follows that any false imprisonment claims are similarly barred. Therefore, to the extent Green is alleging that PSPH's actions in 2001 amounted to kidnapping, we do not separately address it.

5

misrepresentation or failed to disclose material information which impeded the discovery of negligence." *Gunnier v. Yakima Heart Ctr., Inc.*, 134 Wn.2d 854, 867, 953 P.2d 1162 (1998).

Another type of tolling which may apply is equitable tolling. Equitable tolling can apply when (1) justice requires, (2) bad faith, deception, or false assurances on the part of the defendant occurred, (3) the plaintiff acted with reasonable diligence, and (4) it is consistent with both the purpose of the statute providing the cause of action and the statute of limitations. *Fowler v. Guerin*, 200 Wn.2d 110, 119, 515 P.3d 502 (2022). The party asserting equitable tolling has the burden of proving its applicability. *Price v. Gonzalez*, 4 Wn. App. 2d 67, 75, 419 P.3d 858 (2018). Equitable tolling is an extraordinary form of relief because the time limit contained in the statute of limitations reflects the public policy of the state as enacted by the legislature. *Fowler*, 200 Wn.2d at 118.

Finally, another form of tolling involves incompetency. By statute, if a person is

> incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings . . . the time of such disability [as determined according to chapter 11.130 RCW] shall not be a part of the time limited for the commencement of action.

RCW 4.16.190.[2]

Among other criteria, for this type of tolling, a person is considered incompetent or disabled to such a degree they cannot understand the nature of the proceedings if they

> lack[] the ability to meet essential requirements for physical health, safety, or self-care because the respondent is unable to receive and evaluate information or make or communicate decisions, even with appropriate supportive services, technological assistance, or supported decision making[.]

---

[2] Former RCW 4.16.190 (2006) was in effect at the time that Green filed her complaint. However, because the changes to the statute are not material to our analysis, we refer to the current version of the statute.

RCW 11.130.265(1)(a)(i). The party asserting entitlement to this type of tolling has the burden of proving it applies. *See Rivas v. Overlake Hosp. Med. Ctr.*, 164 Wn.2d 261, 267, 189 P.3d 753 (2008).

C. APPLICATION

Green's complaint, filed in 2020, related to events that occurred during her involuntary detention at PSPH in May and June of 2001. Consequently, absent any tolling, the statute of limitations for her claims expired more than 15 years before she filed her complaint. RCW 4.16.350(3).

Green appears to argue that the statute of limitations was tolled for three reasons. First, she references the fraud or intentional concealment provision of the medical negligence statute, RCW 4.16.350(3). Second, she suggests equitable tolling prevented the running of the statute of limitations. And third, she appears to suggest that she was mentally incompetent under RCW 4.16.190 during the period between her involuntary commitment and the filing of her complaint. We disagree.

Green's first argument is that the statute of limitations was tolled because of the fraud or intentional concealment provision of RCW 4.16.350. We are unpersuaded. The rationale for this tolling provision is that a plaintiff cannot be expected to obtain the facts necessary to realize they have a medical negligence claim when the defendant is misleading the plaintiff into believing that they do not have a claim. *Cox v. Oasis Physical Therapy, PLLC*, 153 Wn. App. 176, 187-89, 222 P.3d 119 (2009) (plaintiff failed to show defendant intentionally concealed the inappropriateness of his physical exam where alleged facts did not bear on their treatment); *Gunnier*, 134 Wn.2d at 867 (fraud or intentional concealment provision did not apply where

7

plaintiff failed to allege facts suggesting the defendant hampered discovery of possible negligence). Here, Green offers no evidence to show that PSPH committed fraud or attempted to conceal any negligence from Green. Accordingly, Green has failed to show that the fraud or intentional concealment tolling provision applies.

Similarly unpersuasive is Green's second argument for equitable tolling. To establish equitable tolling, Green must show, among other things, bad faith, deception, or false assurances on the part of PSPH and that she acted with reasonable diligence in bringing her claim. *Fowler*, 200 Wn.2d at 119. Like her argument under RCW 4.16.350(3), Green fails to provide any meaningful evidence or analysis showing both bad faith, deception, or false assurances on the part of PSPH and that she acted with reasonable diligence. Accordingly, Green has not met her burden of demonstrating that equitable tolling applies.

Finally, to the extent Green alleges that her claims should be tolled based on alleged disability or incompetence pursuant to RCW 4.16.190, her argument also fails. The evidence Green presented in the superior court does not support her claim that she had a mental disability that prevented her from understanding the nature of the proceedings at any time between May 2001 and 2020 or otherwise establish incompetence for the purposes of RCW 4.16.190. *See Harris v. Groth*, 99 Wn.2d 438, 449, 663 P.2d 113 (1983) ("expert testimony is required when an essential element in the case is best established by an opinion which is beyond the expertise of a layperson"). In fact, far from demonstrating that Green lacked "the ability to meet essential requirements for physical health, safety, or self-care," the evidence shows that during the period between her involuntary commitment and the filing of her complaint, Green attained several impressive

achievements—she graduated with honors from Pierce College in 2010 and graduated from the University of Washington Tacoma with a degree in environmental science in 2014.[3]

Therefore, we hold that the superior court did not err when it dismissed Green's complaint with prejudice based on the statute of limitations.[4]

CONCLUSION

We affirm the superior court's order dismissing Green's complaint with prejudice.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, C.J.

LEE, J.

---

[3] Throughout her briefing to this court, Green also cites various constitutional provisions and laws, including the Americans with Disabilities Act, due process, the freedom of speech, religious freedom, and the right to bear arms. However, it is unclear how these authorities, many of which she did not raise to the superior court below, are applicable to Green's appeal of the superior court's order. We do not consider arguments made unsupported by references to the record or argument. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (we will not consider issues that are not supported by references to the record or argument).

[4] Because our resolution of the statute of limitations issue is dispositive of this appeal, we do not address Green's second argument that ITA qualified immunity does not apply to PSPH.