# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, | No. 59114-6-II |
| Respondent, | |
| v. | |
| ANATOLIY STEFANYUK; NADEZDA L. STEFANYUK AKA NADEZHDA STEFANYUK; FIRST HORIZON HOME LOAN CORPORATION; OCCUPANTS OF THE PROPERTY, | UNPUBLISHED OPINION |
| Appellants. | |

MAXA, J. – Anatoliy and Nadezda Stefanyuk appeal the trial court's orders denying their motion for a continuance and granting summary judgment to US Bank Trust National Association (US Bank) in US Bank's judicial foreclosure action.

The Stefanyuks defaulted on a promissory note and deed of trust in 2009. In 2018, a former holder of the deed of trust pursued judicial foreclosure in superior court. US Bank received an assignment of the deed of trust in 2021. The day before the hearing on summary

judgment, the Stefanyuks filed a motion for a continuance based on an allegation that Anatoliy Stefanyuk had been hospitalized. But they did not file a sworn declaration attesting to the alleged facts. The trial court denied a continuance and granted summary judgment to US Bank.

We hold that the trial court's order granting summary judgment to US Bank is appealable as of right. We also hold that the trial court did not err in (1) denying Stefanyuk's motion for a continuance and (2) granting summary judgment in favor of US Bank. Accordingly, we affirm the trial court's summary judgment order.

FACTS

The Stefanyuks owned property in Vancouver. In 2006, the Stefanyuks executed a promissory note with First Horizon Home Loan Corporation (First Horizon) as the lender. The Stefanyuks also executed a deed of trust on their property. Mortgage Electronic Registration Systems, Inc. (MERS) was the beneficiary of the deed of trust. The deed of trust contained an acceleration clause that stated if the Stefanyuks defaulted on their loan, the entire amount would become due.

The Stefanyuks defaulted on the promissory note in September 2009. MERS assigned the deed of trust to Federal National Mortgage Association (Fannie Mae) in 2011.

In May 2018, Fannie Mae filed a lawsuit against the Stefanyuks and First Horizon to foreclose on the property.[1] Fannie Mae attached several exhibits to its complaint, including the deed of trust and promissory note. In 2021, Fannie Mae assigned the deed of trust to US Bank and US Bank was substituted as a party in the judicial foreclosure action.

---

[1] First Horizon never filed an appearance in the litigation. First Horizon is not a party to this appeal.

US Bank filed a motion for summary judgment. US Bank relied on a declaration that had been filed in support of a motion for default judgment against Horizon. The declaration attached exhibits that outlined the course of events as described above.

In their brief opposing summary judgment, the Stefanyuks argued that US Bank violated the Washington Consumer Protection Act, chapter 19.86 RCW, and Consumer Financial Protection Bureau regulations. They acknowledged that they missed loan payments and were seeking a loan modification.

A hearing on the motion for summary judgment was scheduled for August 26, 2022. On August 25, the Stefanyuks filed a motion for a continuance based on the allegation that Anatoliy Stefanyuk recently had been admitted to an intensive care unit with COVID-19. But the motion was not accompanied by a declaration made under penalty of perjury attesting to his condition.

The hearing on the summary judgment motion took place the next day. The trial court acknowledged that it had an unsworn motion for continuance. The court orally denied the motion for a continuance because "[i]t's not supported by any documentation that would allow me to find good cause to continue [the hearing]." Rep. of Proc. at 4.

The trial court granted US Bank's motion for summary judgment. Stefanyuk appeals the trial court's summary judgment order.[2]

## ANALYSIS

### A. APPEALABILITY OF JUDGMENT

Initially, US Bank argues that the trial court's summary judgment order is not appealable because it was not a final judgment. We disagree.

---

[2] The superior court clerk did not send the notice of appeal to this court until a year after it was filed.

Under RAP 2.2(a)(1), a final judgment is appealable as a matter of right. An order generally is not appealable as a matter of right until a final judgment has been entered that resolves all claims regarding all parties. *Loeffelholz v. Citizens for Leaders with Ethics & Accountability Now*, 119 Wn. App. 665, 693, 82 P.3d 1199 (2004). However, "Washington courts have held a summary judgment order to be a final judgment despite later entry of a money judgment." *Denney v. City of Richland*, 195 Wn.2d 649, 656, 462 P.3d 842 (2020).

Here, the trial court's summary judgment order stated that it would enter judgment of foreclosure. The order resolved all of US Bank's claims against the Stefanyuks. Therefore, the trial court's summary judgment order was appealable. Accordingly, we reject US Bank's argument.

B.      MOTION FOR CONTINUANCE

The Stefanyuks argue that the trial court erred when it denied their motion for a continuance. We disagree.

We review a trial court's decision on a motion for continuance for an abuse of discretion. *Wood v. Milionis Constr., Inc.*, 198 Wn.2d 105, 133, 492 P.3d 813 (2021). A trial court abuses its discretion when it makes a decision that is manifestly unreasonable or made on untenable grounds. *Id.*

Here, the motion for a continuance outlined Anatoliy Stefanyuk's illness and hospitalization, but the Stefanyuks did not provide any declaration attesting to those facts under penalty of perjury. Therefore, there was no evidence presented to the trial court that the facts the Stefanyuks asserted in fact were true.

In addition, the issues raised at summary judgment were straightforward legal questions under which US Bank had a clear right to relief. The Stefanyuks had filed an opposition brief,

and there is no indication that oral argument from the Stefanyuks would have been helpful or necessary. Therefore, there likely was little benefit to any continuance. We cannot conclude that the trial court's decision was manifestly unreasonable or made on untenable grounds.

Accordingly, we hold that the trial court did not abuse its discretion when it denied the Stefanyuks' motion for a continuance.

## C. SUMMARY JUDGMENT MOTION

The Stefanyuks argue that the trial court erred in granting US Bank's motion for summary judgment on its foreclosure claim. We disagree.

### 1. Legal Principles

We review a trial court's decision on a summary judgment motion de novo. *Mihaila v. Troth*, 21 Wn. App. 2d 227, 231, 505 P.3d 163 (2022). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c). But summary judgment can be determined as a matter of law if the material facts are not in dispute. *Protective Admin. Servs., Inc. v. Dep't of Revenue*, 24 Wn. App. 2d 319, 325, 519 P.3d 953 (2022).

Deeds of trust can be foreclosed nonjudicially under RCW 61.24.040 or judicially under RCW 61.12.040. "Under RCW 61.12.040, a lender may initiate a judicial foreclosure simply by filing a summons and complaint in the superior court where the property is located and serving the borrower." *U.S. Bank Nat'l Ass'n as Trustee for Truman 2016 SC6 Title Trust v. Rooslid*, 17 Wn. App. 2d 589, 597-98, 487 P.3d 212 (2021). A trial court may enforce a judicial foreclosure when there is a default on a condition in a mortgage. RCW 61.12.040.

2. Analysis

Here, there is no genuine dispute that the Stefanyuks defaulted on their promissory note. The exhibits considered by the trial court show that the Stefanyuks executed a promissory note and deed of trust and failed to pay on the loan in 2009. The Stefanyuks acknowledged in their summary judgment briefing that they missed payments on the loan in 2009. The Stefanyuks did not provide any other evidence to put these facts in material dispute.

The Stefanyuks appear to argue that the trial court failed to consider their claims that US Bank or Fannie Mae violated various state or federal laws. However, the Stefanyuks provided no evidence at summary judgment to support their claim that US Bank violated state or federal law.

Accordingly, we hold that the trial court did not err in granting summary judgment in favor of US Bank.

CONCLUSION

We affirm the trial court's summary judgment order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

CRUSER, C.J.

PRICE, J.